JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LAGUNA COMMERCIAL CAPITAL, LLC, a Delaware limited liability company, | ) ) ) ) | CASE NO. CV 11-09930 MMM (PLAx) |
| Plaintiff, | ) ) | JUDGMENT |
| vs. | ) ) | |
| SOUTHEAST TEXAS EMS, LLC, a Texas limited liability company; SEAN FITZGERALD, an individual; JASON BOEVER, an individual, and DOES 1 through 10, inclusive, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

On September 30, 2012, the court entered an order granting the motion of plaintiff Laguna Commercial Capital, LLC ("LCC") for default judgment. Accordingly,

IT IS ORDERED AND ADJUDGED:

1. That LCC recover damages in the amount of $1,181,442.28 from defendants Southeast Texas EMS, LLC ("SETX"), Sean Fitzgerald and Jason Boever;

2. That LCC recover attorneys' fees in the amount of $27,228,85 from defendants

SETX and Fitzgerald;

3. That defendants SETX and Fitzgerald, and their respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them be

   a. enjoined from: (a) transferring, disposing of, dissipating, or encumbering accounts or proceeds purchased by Plaintiff under the SETX Factoring Agreement and/or MedQuest Factoring Agreement ("Plaintiff's Accounts") (and/or proceeds thereof) and/or any assets that serve as collateral to Plaintiff under the SETX Factoring Agreement and/or the MedQuest Factoring Agreement including, but not limited to, Commercial Insurance Receivables ("CIR") and Governmental Program Receivables ("GPR"); (b) instructing account debtors to pay SETX directly instead of sending payments to the designated Lockbox Account or GPR Account, on Plaintiff's Accounts; (c) endorsing any negotiable instruments received as payment on Plaintiff's Accounts; (d) transferring, converting, loaning, encumbering, pledging, concealing, dissipating, spending, or otherwise disposing of any proceeds that have been received as payment on Plaintiff's Accounts; and/or (e) destroying writings reflecting payments made on Plaintiff's Accounts.

   b. Mandating, authorizing and directing all commercial payers (on SETX or MedQuest accounts), that all payables owed to SETX or MedQuest (payments on uncollected accounts under the SETX or MedQuest Factoring Agreements), be sent to the designated Lockbox Account established at SNB Bank of Austin (until the Judgment is fully satisfied, at the following address:

> Southeast Texas EMS, LLC
> c/o Laguna Commercial Capital, LLC
> Stillwater National Bank
> P.O. Box 26168
> Oklahoma City, OK 73126-0618
> Lock Box Account Number: 5190585

   c. Mandating, authorizing and directing Medicare (including any and all intermediaries and/or carriers responsible for processing the claims such as

1  Trailblazer Health Enterprises, LLC) and/or Medicaid (including the Texas
2  Department of Health and Human Services Commission) that all payments on
3  uncollected accounts under the SETX or MedQuest Factoring Agreement be sent
4  to the designated GPR account established at SNB Bank of Austin, until the
5  judgment is fully satisfied, as follows:

>    Southeast Texas EMS, LLC
>    c/o Laguna Commercial Capital, LLC
>    Stillwater National Bank
>    P.O. Box 1988
>    Oklahoma City, OK 74076
>    GPR Account Number: 5190618
>    Routing Number: 103101437

    d. Mandating, authorizing, directing Chase Bank and that all current and future funds/proceeds from the SETX operating (Account No. 000001592748980) and savings account (Account No. 000001833897901) at Chase Bank be transferred and sent to Plaintiff or to the designated Lockbox account identified in subparagraph (b) above to the extent that such funds are derived from activity prohibited by this order.

4. That LCC is the sole owner of the CIR and GPR accounts established pursuant to the SETX and MedQuest Factoring Agreements, and that it has the sole right to payments and proceeds of these accounts.

5. That LCC recover costs from defendants SETX, Fitzgerald and Boever in the amount of $1,928.40;

6. That this judgment shall bear post-judgment interest at the legal rate; and

7. That the court retains continuing jurisdiction to enforce the injunctive provision of this judgment.

DATED: September 30, 2012

_Margaret M. Morrow_
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

3